UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 12-30025 |
| | ) | Chapter 7 |
| LAURA ELIZABETH MEHLHAFF | ) | |
| aka Laura N. Mehlhaff | ) | DECISION RE:  TRUSTEE ALLRED'S |
| aka Laura Noble Mehlhaff | ) | MOTION FOR SUMMARY JUDGMENT |
| SSN/ITIN xxx-xx-9456 | ) | REGARDING MOTION FOR TURNOVER |
| | ) | |
| Debtor. | ) | |

The matter before the Court is Trustee Forrest C. Allred's Motion for Judgment on the Pleadings, which is being treated as a motion for summary judgment pursuant to Fed.Rs.Bankr.P. 7012(b) and 9014(c), Fed.R.Civ.P. 12(d), and Bankr. D.S.D. R. 9014-3(a), as provided in the Order Setting Certain Deadline Following Application of Fed.R.Civ.P. 12(d) to Trustee's Motion for Judgment on the Pleadings.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).  For the reasons discussed below, the Court will grant Trustee Allred's motion and direct Debtor to turn over her interest in a certain pre-petition alimony award.

I.

Laura N. Mehlhaff and Michael J. Mehlhaff were divorced.  The Amended Judgment and Decree of Divorce (doc. 30-1) ("divorce decree") incorporated an Affidavit, Stipulation and Property Settlement Agreement (doc. 30-2) ("stipulation").  The stipulation provided Michael Mehlhaff would pay Laura Mehlhaff $400.00 per month alimony.  On January 10, 2012, the divorce court lowered Michael Mehlhaff's alimony obligation to $200.00 per month, retroactive to September 1, 2011.  Michael

Mehlhaff's alimony obligation will end when his and Laura Mehlhaff's minor child turns 18.

Laura Mehlhaff ("Debtor") filed a chapter 7 petition for bankruptcy relief on June 19, 2012 (doc. 1).  She included the alimony award on her schedules as both income and an asset (doc. 1).  Debtor did not claim any portion of the alimony award exempt.

Case trustee Forrest C. Allred filed a Motion for Turnover (doc. 21), seeking Debtor's alimony award.  Debtor resisted the motion, essentially arguing *In re Koryn Michele Steen*, Bankr. No. 10-10206, 2012 WL 1252668 (Bankr. D.S.D. April 13, 2012), which Trustee Allred had cited, was not applicable or was wrongly decided (doc. 22).  Trustee Allred filed a Motion for Judgment on the Pleadings (doc. 25), addressing Debtor's several contentions in her response to his turnover motion. Debtor filed a response to Trustee Allred's Motion for Judgment on the Pleadings (doc. 30) and cited *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907 (B.A.P. 8th Cir. 2001), in support of her several arguments in opposition to the trustee's motion.

Because Debtor's response to Trustee Allred's Motion for Judgment on the Pleadings included, as attachments, several documents that were not a part of Trustee Allred's preceding Motion for Turnover or Motion for Judgment on the Pleadings or Debtor's response to the Motion for Turnover, the Court, pursuant to Fed.Rs.Bankr.P. 7012(b) and 9014(c), Fed.R.Civ.P. 12(d), and Bankr. D.S.D. R. 9014-3(a), treated the trustee's Motion for Judgment on the Pleadings as a motion for summary judgment

and allowed the parties to present any additional materials pertinent to a motion for summary judgment (doc. 31).  In response, Trustee Allred filed a supplement to his Motion for Judgment on the Pleadings, responding to Debtor's several arguments (doc. 32).  The Court took the matter under advisement.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).  The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion.  *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)).  No defense to an insufficient showing is required.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.  If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (quoting

*Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).

Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1). When ascertaining the existence and scope of a debtor's legal or equitable interests in property, courts look to state law or other nonbankruptcy law.  *Butner v. United States*, 440 U.S. 48, 54 (1979).

> The nature and extent of the debtor's interest in property are determined by state law.  [Citation omitted.]  Property rights under section 541 are defined by state law.  *Butner*, [440 U.S. at 55.]  However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate.

*N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis* (*In re N.S. Garrott & Sons*), 772 F.2d 462, 466 (8th Cir. 1985).  The broad scope of estate property includes causes of action.  *Whetzal v. Alderson* (*In re Alderson*), 32 F.3d 1302, 1303 (8th Cir. 1994) (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n.9 (1983)).  The case trustee steps into a debtor's shoes and takes whatever interests the debtor had on the petition date.  *Stumpf v. Albracht,* 982 F.2d 275, 277 (8th Cir. 1992).

Certain property is excluded from a bankruptcy estate by operation of law.  11 U.S.C. § 541(b), (c)(2), and (d).  Excluded property includes, for example, a debtor's interest as a lessee under certain types of leases and some types of accounts for retirement or educational purposes.  *See, e.g.*, 11 U.S.C. § 541(b)(2), (3), (5), (6), and

(7).  Also excluded from a bankruptcy estate is property of the debtor that is subject to a restriction on transfer that is enforceable under "applicable nonbankruptcy law."  11 U.S.C. § 541(c)(2).  "Applicable nonbankruptcy law" includes state spendthrift trust laws, as well as nonbankruptcy federal law.  *Patterson v. Shumate,* 504 U.S. 753, 756-765 (1992); *Wear v. Green* (*In re Green*)*,* 967 F.2d 1216, 1217 (8th Cir. 1992).  An example of property excluded from the estate by operation of nonbankruptcy federal law is Social Security benefits.  *See Carpenter v. Ries* (*In re Carpenter*), 614 F.3d 930, 936-37 (8th Cir. 2010).

The burden of establishing, by a preponderance of the evidence, that a particular asset is property of the bankruptcy estate rests with the proponent, usually the case trustee.  *Evans v. Robbins*, 897 F.2d 966, 968 (8th Cir. 1990) (citations therein); *DeBold v. Case* (*In re Tri-River Trading, LLC*), 329 B.R. 252, 263-64 (B.A.P. 8th Cir. 2005), *aff'd*, 452 F.3d 756 (8th Cir. 2006).  If a *prima facie* case is made, the burden of going forward shifts to the debtor to show the asset is excluded from the estate, though the final burden rests with the proponent.  *Tri-River Trading*, 329 B.R. at 263.

III.

Trustee Allred, by identifying the alimony awarded to Debtor pre-petition and by referencing this Court's decision in *Steen*, has made a *prima facie* showing that the alimony awarded to Debtor is property of the bankruptcy estate.  Debtor, in going forward, has not identified any material facts in dispute.  Thus, only questions of law remain, and resolution of the matter by summary judgment is appropriate.  The

questions of law presented, as gleaned from Debtor's response, are whether this Court wrongly decided *Steen* and, if not, whether the facts of this case, when considered in a light most favorable to Debtor, are distinguishable from *Steen* such that a different result should be reached.

Debtor first argues

[t]he *Steen* Court seemed to direct their focus on [S.D.C.L.] § 43-45-4, and whether alimony is subject to execution/garnishment by a creditor. *Steen* in comment stated that Debtor had not identified any provision of §541(b) or nonbankruptcy law incorporated by §541(c)(2) that excludes alimony from the bankruptcy estate or takes it out of the grasp of §541(a)(1).  Here, Debtor asserts the plain language of §541(a)(5)(B) covers only property settlements, not alimony awards.

Section 541(a)(5)(B), on which Debtor principally relies, relates only to certain property interests that arise within 180 days *after* the petition date.  The Court agrees with Debtor that § 541(a)(5) has no application here, where the alimony was awarded *before* she filed her bankruptcy petition.

Instead, in this case, as in *Steen*, Trustee Allred stepped into Debtor's shoes on the petition date and, pursuant to 11 U.S.C. § 541(a)(1), brought into the bankruptcy estate whatever Debtor was entitled to receive under that pre-petition alimony award. *Stumpf*, 982 F.2d at 277; *see Simmons v. Simmons*, 290 N.W. 319, 320 (S.D. 1940) (cited in *Metz Farms v. Fisher Sand & Gravel Co.*, Civ. No. 05-4058, 2006 WL 1047067, at *4 (D.S.D. April 17, 2006)).  Though the alimony award remains modifiable under state law, that prospect only conditions what amount of alimony the bankruptcy estate may receive, not the estate's right to receive it.  Further, Debtor,

-6-

like the debtor in *Steen*, has not identified any provision of § 541(b) or nonbankruptcy law incorporated by § 541(c)(2) that *excludes* alimony, as that property interest is defined in South Dakota, from the bankruptcy estate.[1]

Debtor next argues this Court failed to distinguish *Jeter*, 257 B.R. 907, when *Steen* was decided. The trustee in *Jeter* exclusively premised his turnover request under § 541(a)(5)(B), which, as noted above, governs only an interest in a property settlement agreement or interlocutory or final divorce decree entered 180 days after the petition date. The court in *Jeter* correctly determined § 541(a)(5)(B) did not apply to an alimony award. The *Jeter* court did not determine–nor does it appear it was asked to determine–whether post-petition installment payments on a pre-petition alimony award in Nebraska came into the bankruptcy estate as a pre-petition property interest pursuant to § 541(a)(1). Further, because Nebraska law would control the application of § 541(a)(1) to an alimony award made in that state, any such determination would have limited relevancy here, where South Dakota law defined Debtor's interest in the alimony award on the petition date. *Butner,* 440 U.S. at 54; *N.S. Garrott & Sons,* 772 F.2d at 466.

Debtor's third argument is "wages (earnings) are also subject to garnishment

---

[1] Property that is *exempt* from the bankruptcy estate comes into the estate on the petition date but then is removed from the estate by the debtor's utilizing applicable state or federal exemption laws. 11 U.S.C. § 522(b). Property that is *excluded* from a bankruptcy estate never comes into the estate. 11 U.S.C. § 541(b); *see Soost v. NAH, Inc.* (*In re Soost*), 262 B.R. 68, 71-72 (B.A.P. 8th Cir. 2001); *In re Miller*, 224 B.R. 913, 917 n.2 (Bankr. D.N.D. 1998).

pursuant to [S.D.C.L.] § 43-45-4, yet the bankruptcy court does not try to turn over wages."  Actually, wages a debtor has earned pre-petition but not received by the petition date *are* an asset of the bankruptcy estate.[2]  Earned but unpaid wages are, so to speak, like money in the bank.  *See, e.g., In re Leroy Dennis Benedict*, Bankr. 08-30008, slip op. (Bankr. D.S.D. Jan. 23, 2009).  Moreover, Debtor has not shown, and the Court is unaware of, any statute or case law that indicates wages earned pre-petition and alimony awarded pre-petition should be treated differently when § 541(a)(1) is considered.

Debtor's fourth argument is that a judgment must be in place for an attorney's lien to attach.  To the extent any such judgment is necessary, Trustee Allred holds it on the petition date pursuant to his bankruptcy-created strong-arm powers under 11 U.S.C. § 544(a).

Debtor also argues alimony is not an accounts receivable.  As that term is utilized on schedule B at question 16, the Court agrees; alimony is listed separately on

---

[2]  In this district, earned, but unpaid wages have been considered a part of the bankruptcy estate for a number of years.  *See, e.g., In re Gregory D. Zike*, Bankr. No. 03-41477, slip op. (Bankr. D.S.D. Dec. 30, 2003) (Hoyt, J.); *see also In re Lynn Keith Swanson*, Bankr. No. 97-10300, slip op. (Bankr. D.S.D. May 8, 1998).  Most litigation has surrounded how and to what extent the wages may be claimed exempt.  *See, e.g., In re Leroy Dennis Benedict*, Bankr. 08-30008, slip op. (Bankr. D.S.D. Jan. 23, 2009) (pre-petition wages may not be claimed exempt as a "provision" under S.D.C.L. § 43-45-2(6)); *compare, e.g., Zike,* slip op. at 1 (S.D.C.L. § 21-18-53 sets forth the maximum pre-petition wages a debtor may claim exempt), and *In re Jason N.  Kraft*, Bankr. No. 06-10113, oral decision (Bankr. D.S.D. March 15, 2007) (Nail, J.) (S.D.C.L. § 21-18-53 notwithstanding, a debtor may claim wages exempt under S.D.C.L. § 43-45-4).

schedule B at question 17. Where Debtor's pre-petition entitlement to alimony is listed on schedule B, however, is not determinative of whether it is property of the bankruptcy estate. What matters is how state law defines a debtor's interest in property, *Butner,* 440 U.S. at 54; *N.S. Garrott & Sons*, 772 F.2d at 466, and how South Dakota law defines and treats an alimony award was fully discussed in *Steen*. *Steen*, 2012 WL 1252668, at *3-5.

Having concluded *Steen* was correctly decided, the second issue is whether the facts of this case are materially distinguishable from the facts in *Steen* such that a different result should be reached. They are not.

The debtor in *Steen* and Debtor here were awarded alimony by a divorce court before each filed bankruptcy. Each divorce court's award was final, even if subject to subsequent modification as to the amount to be paid. The alimony award in both *Steen* and in this case provided for a stream of payments over time; some of those payments were made before the bankruptcy petition was filed; other installments were owed on the petition date. In both cases, the alimony award came into the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) because, as in *Steen*, "Debtor has not shown the alimony award, by its support nature or because it is payable in installments, is differentiated under state law or nonbankruptcy federal law from any other stream of payments someone may have been ordered to pay Debtor and is thus outside the grasp of § 541(a)(1)." *Steen*, 2012 WL 1252668, at *4. Further, as with the debtor in *Steen*, Debtor has not identified any provision of § 541(b) or

nonbankruptcy law incorporated by § 541(c)(2) that excludes the alimony award from the bankruptcy estate.  As discussed above, the 180-day post-petition provision of § 541(a)(5)(B) did not apply in *Steen* and does not apply here because the alimony was awarded pre-petition.  Moreover, as in *Steen*, Debtor has not claimed any of her alimony award exempt (doc. 1); the alimony award–Debtor's entitlement to a stream of payments from Michael Mehlhaff–therefore comes into the estate and remains there.

Finally, Debtor made several equitable arguments regarding her need to retain the alimony to foster a fresh financial start.  Section 541(a), however, does not give this Court authority to include or exclude property from the estate based on equitable considerations.

> The commencement of a bankruptcy case creates an estate.  Under [§ 541(a)(1)] the estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case.  The scope of this paragraph is broad.  It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in Section 70A of the Bankruptcy Act sec. 70A, as well as property recovered by the trustee under Section 542. . . .
>
> . . . .
>
> . . . It includes as property of the estate all property of the debtor, even that needed for a fresh start.

S.Rep. No. 989, 95th Cong., 2d Sess. 823, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977), *reprinted in* 1978 U.S.Code Cong., & Ad.News 6322-24 (cited in *Samore v. Graham* (*In re Graham*), 726 F.2d 1268, 1270 (8th Cir. 1984), *abrogated by Patterson v.*

*Shumate*, 504 U.S. 753 (1992), and *In re Ferns*, 232 B.R. 453, 456 (Bankr. D. Ariz. 1999)); *see Steen*, 2012 WL 1252668, at *4 ("Making the law reflect public policy concerns regarding the protection of true alimony awards from a debtor's creditors, whether by exclusion or exemption, is not within this Court's bailiwick.") (citing *Jasper v. Smith,* 540 N.W.2d 399, 403 n.2 (S.D. 1995)).

An order will be entered granting Trustee Allred's motions, and Debtor will be directed to turn over to Trustee Allred her entitlement on the petition date to receive a stream of alimony payments from Michael Mehlhaff.[3]

Dated: March 12, 2013.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[3] To the extent any alimony installments were actually received by Debtor post-petition, Debtor will need to turn over those installments to Trustee Allred. For those installments not yet paid, Debtor will be turning over to Trustee Allred her right to enforce the alimony award against Michael Mehlhaff. *See Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423 (8th Cir. 2007) (a chapter 7 trustee may compel a debtor to turn over funds which the debtor controlled at the time of the motion).